UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| TIMOTHY J. HEINZ, | ) | CASE NO. 5:21-cv-542 |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | MEMORANDUM OPINION |
| | ) | AND ORDER |
| | ) | |
| HSBC MORTGAGE SERVICES, INC., et al., | ) ) | |
| DEFENDANTS. | ) | |

*Pro se* plaintiff Timothy J. Heinz ("Heinz") brings this action against HSBC Mortgage Services, Inc., U.S. Bank Trust, N.A. ("U.S. Bank"), BMO Harris Bank, and Bank of America, N.A. ("BANA") (collectively "defendants"). Presently pending are U.S. Bank's motion to dismiss (Doc. No. 8) and BANA's motion to dismiss. (Doc. No. 16.)

For the following reasons, defendants' motions to dismiss are granted, and this action is dismissed.

**I. BACKGROUND**

Heinz's complaint, as amended, is largely incomprehensible and difficult to decipher, consisting of conclusory legal allegations and very few facts in support of his purported claims. (Doc. No. 5 (Amended Complaint).) It appears, however, that Heinz's amended complaint concerns an underlying foreclosure judgment against him concerning real property located in Ravenna, Ohio.

On May 22, 2014, a foreclosure complaint was filed by U.S. Bank's predecessor in interest against Heinz and other defendants in the Portage County Court of Common Pleas.[1] (*See* Doc. No. 8-1.) Heinz opposed a motion for summary judgment, contesting the transfers of the underlying promissory note and assignments of the mortgage. (Doc. No. 8-2.) The motion for summary judgment in foreclosure, however, was granted against Heinz and in favor of U.S. Bank on February 2, 2016, based upon a finding that the mortgage had been properly assigned. (*See* Doc. No. 8-3 at 1.) Heinz continued to challenge the state court's judgment, filing numerous motions in that case in 2016, 2017, and 2019. (*See* Doc. No. 8-1.) Heinz also filed a new action in state court in 2016 against U.S. Bank in which he apparently attempted to vacate the state court's judgment in the foreclosure action. The state court once again entered summary judgment against Heinz. (*See* Doc. No. 8-4.) Despite Heinz's efforts, the sale occurred, and U.S. Bank purchased the property in a sale that was confirmed by the state court on November 12, 2019. (*See* Doc. No. 8-1 at 13.) On March 12, 2020, Heinz appealed the state court's decision, and the Eleventh District Court of Appeals dismissed the appeal as untimely. (*See* Doc. No. 8-6.)

Thereafter, approximately six years after the foreclosure complaint was filed, Heinz filed a notice of removal in this Court on May 4, 2020. (*See HSBC Mortg. Servs., Inc. v. Joanne B. Heinz, et al.*, No. 5:20-cv-966.) Defendant HSBC Mortgage Services, Inc. filed a motion for remand, which this Court granted on August 27, 2020. (*Id.*) Heinz appealed the Court's order of

---

[1] Attached to the defendants' motions to dismiss are the state court's docket, the foreclosure decree, various state court orders, state appellate court orders, Heinz's notice of removal, this Court's order of remand, the Sixth Circuit's order dismissing the appeal, and the forcible entry and detainer complaint. (*See* Doc. Nos. 8-1 through 8-11). The Court takes judicial notice of the public dockets, opinions, and proceedings issued by other courts. *Rodic v. Thistledown Racing Club, Inc.*, 615 F.2d 736, 738 (6th Cir. 1980) (citation omitted). Further, the Court considers the materials attached to the defendants' motions to dismiss because they are referred to in the plaintiff's amended complaint and central to his claims. *Rondigo, LLC v. Twp. of Richmond*, 641 F.3d 673, 680–1 (6th Cir. 2011) (quoting *Bassett v. Nat'l Coll. Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008)).

remand, and the Sixth Circuit Court of Appeals dismissed the appeal. (*See* Doc. No. 8-9.) On March 8, 2021, a complaint for forcible entry and detainer was filed against Heinz in the Portage County Municipal Court. (*See* Doc. No. 8-10.) The state court granted the plaintiff's writ of restitution despite Heinz's purported attempt to remove the municipal court action to federal court, finding Heinz's notice of removal "insufficient to prevent Municipal Court proceeding from finding if Plaintiff entitled to Writ of Restitution." (Doc. No. 8-11.)

Heinz now brings this action, apparently seeking to set aside the state court's judgment against him. In his amended complaint, Heinz identifies seven claims for relief, which purport to relate to the mortgage or promissory note underlying the state court's foreclosure judgment. His claims for relief, as best the Court can discern, include: a breach of the "duty to provide full disclosure of the fact that [the Bank Lender] had no money to credit the Borrower" (First Claim); fraud (Second, Sixth, and Seventh Claims); "loaning non-money" (Third Claim); and indentured servitude (Fourth and Fifth Claims).

Defendants U.S. Bank and BANA move to dismiss this action pursuant to Fed. R. Civ. P. 12(b)(6). (*See* Doc. Nos. 8 and 16, respectively.) Heinz has filed a "Motion to Strike" U.S. Bank's motion to dismiss (Doc. No. 14), which this Court construes as Heinz's brief in opposition to the motion to dismiss.

## II. DISCUSSION

### A. Standard of Review

Under Federal Rule of Civil Procedure 12(b)(6), a party may move for the dismissal of claims when the claimant has failed to "state a claim upon which relief can be granted[.]" Fed. R. Civ. P. 12(b)(6). When deciding a motion to dismiss under this rule, the function of the Court is

to test the legal sufficiency of the complaint. *See Mayer v. Mylod*, 988 F.2d 635, 638 (6th Cir. 1993). And in reviewing the complaint, the Court must construe the pleading in the light most favorable to the plaintiff, accept all factual allegations as true, and determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 679, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009). Legal conclusions and unwarranted factual inferences, however, are not entitled to a presumption of truth. *Twombly*, 550 U.S. at 555; *see also Papasan v. Allain*, 478 U.S. 265, 286, 106 S. Ct. 2932, 92 L. Ed. 2d 209 (1986) (The Court is "not bound to accept as true a legal conclusion couched as a factual allegation.").

The Supreme Court explained that "a claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 677–78. Furthermore, "the plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant acted unlawfully." *Id.* This determination is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

Additionally, the Court must read Rule 12(b)(6) in conjunction with Federal Civil Procedure Rule 8(a)(2)'s requirement that a plaintiff need offer "only 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" *Erickson v. Pardus*, 551 U.S. 89, 93, 127 S. Ct. 2197, 167 L. Ed. 2d 1081 (2007) (quoting *Twombly*, 550 U.S. at 596). Although specific facts are not required, to meet the basic minimum notice pleading requirements of Rule 8, plaintiff's complaint must give the defendants fair notice of what the

plaintiff's legal claims are and the factual grounds upon which they rest. *Bassett*, 528 F.3d at 437. The plaintiff's obligation to provide the grounds for relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Factual allegations "must be enough to raise a right to relief above the speculative level." *Id.*

It is a basic pleading requirement that a plaintiff must attribute specific factual allegations to particular defendants. *Twombly*, 550 U.S. at 555 (holding that, in order to state a claim, a plaintiff must make sufficient allegations to give a defendant fair notice of the claim); *Kurek v. Ohio Dept. of Dev. Disabilities*, No. 3:16-cv-623, 2017 WL 1555930, at *6 (N.D. Ohio Jan. 20, 2017) ("[C]onclusory allegations of collective, unspecified, and undifferentiated wrongdoing is not sufficient [as] vaguely lump[ing] all defendants together without providing any factual allegations that specify separate acts fails to satisfy the *Iqbal/Twombly* standard.") (collecting cases). And a complaint that fails to state the specific acts of the defendant that allegedly violated the plaintiff's rights fails to meet the notice requirements of Rule 8(a). *Phillips v. Ballard*, No. 5:17-cv-301-REW, 2019 WL 2359571, at *21 (E.D. Ky. June 4, 2019) (finding a claim that "purports to assert that every one of the 40+ named Defendants was negligent based upon some unspecified event mentioned somewhere within the 90+-page expanse of the Plaintiff's pleadings" fails to comply with Rule 8). "'[N]either the Court nor Defendants are obligated to search through the Complaint and its voluminous exhibits in order to glean a clear and succinct statement of each claim for relief. It is Plaintiffs' responsibility to edit and organize their claims and supporting allegations into a manageable format.'" *Laster v. Pramstaller*, No. 08-cv-10898,

2008 WL 1901250, at *2 (E.D. Mich. Apr. 25, 2008) (citing *Windsor v. Colorado Dep't of Corr.*, 9 F. App'x 967, 968 (10th Cir. 2001)).

*Pro se* pleadings are liberally construed. *Boag v. MacDougall*, 454 U.S. 364, 365, 102 S. Ct. 700, 70 L. Ed. 2d 551 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972). And the Court holds a *pro se* complaint to a less stringent standard than one drafted by an attorney. *Spotts v. United States*, 429 F.3d 248, 250 (6th Cir. 2005) (citing *Haines*, 404 U.S. at 520). The Court is not required, however, to conjure unpleaded facts or construct claims on plaintiff's behalf. *See Grinter v. Knight*, 532 F.3d 567, 577 (6th Cir. 2008) (citation omitted); *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985) (finding that allowing courts to "to explore exhaustively all potential claims of a *pro se* plaintiff would . . . transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party").

## B. ANALYSIS

### 1. Failure to State a Claim

Heinz's amended complaint fails to satisfy federal notice pleading requirements and consequently fails to state a plausible claim upon which relief may be granted. In his First Claim for relief, he states that "[t]he Bank[-]Lender had a duty to inform the Borrower(s) that the Bank-Lender created money by making electronic bookkeeping entry(s) alone, based upon a promise to pay" and the Bank[-]Lender breached "the duty to provide full disclosure of the fact that [the Bank Lender] had no money to credit the Borrower[.]" (Doc. No. 5 at 23.[2]) Heinz's statements

---

[2] All page number references herein are to the consecutive page numbers applied to each individual document by the Court's electronic docketing system.

are entirely conclusory and fail to include any facts supporting a purported claim for breach or misrepresentation.

Heinz's Third Claim is largely nonsensical and completely devoid of facts and fails to state a cognizable cause of action. In his Third Claim, Heinz alleges that "Defendant(s) including Countrywide Bank knew or should have known it was loaning non-money upon only the creation of credit from the signed promissory note the Plaintiff believed at the time of signing was a legitimate contract. . . . Which belief . . . does not extend to date under full disclosure doctrines." (*Id.* at 24.) This claim fails to include any facts supporting a cognizable claim for relief.

Heinz's Fourth and Fifth Claims include purported claims of slavery or "involuntary servitude." These claims are also nonsensical and devoid of facts and fail to state cognizable causes of action. The Thirteenth Amendment prohibits "slavery [or] involuntary servitude, except as a punishment for crime whereof the party shall have been duly convicted[.]" U. S. Const. amend. XIII, § 1. The Supreme Court has held that involuntary servitude exists only when the victim is forced to work for the defendant by: (1) threatened or actual physical force; (2) threatened or actual state-imposed legal coercion; or (3) fraud or deceit where the servant is a minor or an immigrant or is mentally incompetent. *United States v. Kozminski*, 487 U.S. 931, 932, 108 S. Ct. 2751, 101 L. Ed. 2d 788 (1988) (syllabus); *Rhoades v. Hameed*, No. 1:08-cv-1445, Doc. No. 8 at 7–8  (N.D. Ohio Sept. 30, 2009).

In his Fourth Claim, Heinz alleges that "Defendant(s) including Countrywide Bank instilled a condition of involuntary servitude and debt slavery" and violated the Thirteenth Amendment "for the creation of electronic entries that indebted the Plaintiff[.]" (Doc. No. 5 at 25.) In his Fifth Claim, Heinz alleges that "Defendant(s) including Countrywide Bank . . .

"furthered peonage in Debt Slavery with Indentured Servitude" by collecting payments without properly crediting Heinz and by collecting payments "on an alleged debt created out of thin air[.]" (*Id.* at 25.) These cursory references to slavery, the Thirteenth Amendment, and involuntary servitude purportedly attributed to "Defendant(s)'" collection of a debt do not establish a cognizable claim for a violation of the Thirteenth Amendment.

Heinz's Second, Sixth, and Seventh Claims appear to allege fraud. A plaintiff alleging fraud "must state with particularity the circumstances constituting fraud." Fed. R. Civ. P. 9(b). To satisfy this heightened standard, the "plaintiff, at a minimum, must allege the time, place, and content of the alleged misrepresentation on which he or she relied; the fraudulent scheme; the fraudulent intent of the defendants; and the injury resulting from the fraud." *United States ex rel. Bledsoe v. Cmty. Health Sys., Inc.*, 501 F.3d 493, 504 (6th Cir. 2007) (quotation marks and citations omitted); *see also Heinrich v. Waiting Angels Adoption Servs., Inc.*, 668 F.3d 393, 404 (6th Cir. 2012) ("[I]n order to satisfy the heightened pleading requirements of Rule 9(b), a plaintiff must (1) specify the statements that the plaintiff contends were fraudulent, (2) identify the speaker, (3) state where and when the statements were made, and (4) explain why the statements were fraudulent.") (quotation marks and citations omitted).

In his Second Claim, Heinz alleges that "Defendant(s), including Countrywide Bank[,] knew it was merely making an electronic bookkeeping entry and creating money out of thi[n] air . . . and [t]hat concealment of the creation of 'money' was latent and not reasonably identifiable and ascertainable by the Plaintiff."  (Doc. No. 5 at 24.) In his Sixth Claim, Heinz alleges that HSBC Mortgage Services, Inc.'s "claim of rights to the Heinz Intangible Obligation is a fraudulent claim of ownership in violation of Federal Law." (*Id.* at 26.) In his Seventh Claim,

8

Heinz alleges that "Defendant(s) concealed the fact that they filed their cause of action to foreclose upon the plaintiff" and "they furthered their scheme to keep their cause of action running over the years . . . by fraudulent preference and fraudulent practice." (*Id.* at 27.) These claims are entirely conclusory and fail to satisfy the heightened pleading requirements of Rule 9(b).

Heinz's amended complaint fails to provide the defendants fair notice of what his legal claims are and the factual grounds upon which they rest. *Twombly*, 550 U.S at 555. Moreover, merely listing defendants in the caption of the complaint, but raising no specific factual allegations against each defendant, is insufficient to raise a plausible claim. *See Gilmore v. Corr. Corp. of Am.*, 92 F. App'x 188, 190 (6th Cir. 2004) (citing *Flagg Bros. v. Brooks*, 436 U.S. 149, 155–57, 98 S. Ct. 1729, 56 L. Ed. 2d 185 (1978)). Even liberally construing the pleadings, Heinz, at best, asserts conclusory defendants-unlawfully-harmed-me allegations that are insufficient to state a plausible claim for relief. *Iqbal*, 556 U.S. at 678.

Heinz's amended complaint therefore fails to state a plausible claim that he is entitled to relief from the foreclosure judgment entered against him.

## 2. Rooker-Feldman Doctrine

Even if Heinz sufficiently stated a plausible claim for relief, to the extent Heinz is asking this Court to reverse the state court foreclosure judgment, the *Rooker-Feldman* doctrine bars this Court's consideration of his claims.

The *Rooker–Feldman*[3] doctrine stands for the principle that lower federal courts have no jurisdiction to review state court judgments. Application of the *Rooker–Feldman* doctrine is limited by the Sixth Circuit "to instances in which the litigant only seeks to reserve or set aside the state court judgment." *Hall v. Mortg. Elec. Registrations Sys., Inc.*, No. 1:16-cv-2075, 2017 WL 1462240, at *4 (N.D. Ohio Mar. 1, 2017) (quotation marks and citations omitted), *report & recommendation adopted*, 2017 WL 1449705 (N.D. Ohio April 21, 2017). If the source of the injury is the state court decision, then the *Rooker–Feldman* doctrine prevents the district court from asserting jurisdiction. *McCormick v. Braverman*, 451 F.3d 382, 393 (6th Cir. 2006).

In his complaint, Heinz acknowledges the state court's approval of a foreclosure sale, complains of injuries caused by the state court judgment, asserts that the defendants lacked standing to foreclose on plaintiff's property, and states that he has been injured financially in having to defend his rights to the property. He also asks this Court to "enjoin[] Defendants from all foreclosure related action(s)[.]" (Doc. No. 1 at 26–27.) Heinz clearly seeks relief from, and asks that the Court set aside, the foreclosure. Accordingly, under *Rooker-Feldman*, this Court lacks jurisdiction to grant that relief, and Heinz's complaint is dismissed for this additional reason.

---

[3] This doctrine is derived from the cases of *Rooker v. Fidelity Trust*, 263 U.S. 413, 415, 44 S. Ct. 149, 68 L. Ed. 2d 362 (1923) and *Dist. of Columbia Ct. of Appeals v. Feldman*, 460 U.S. 462, 482, 103 S. Ct. 1303, 75 L. Ed. 2d 206 (1938).

Moreover, under 28 U.S.C. § 2283, "[a] court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." Section 2283 applies to stay of foreclosure proceedings. *Cragin v. Comerica Mortg. Co.*, 69 F.3d 537 (6th Cir. 1995) ("28 U.S.C. § 2283 generally precludes federal injunctions that would stay pending foreclosure proceedings in the state courts") (citing *Phillips v. Chas. Schreiner Bank*, 894 F.2d 127, 131 (5th Cir. 1990)); *Muhammad v. Bank of New York*, No. CIV.A. 06-163, 2006 WL 1653129, at *1 (D. Del. June 12, 2006) (declining pursuant to § 2283 to stay foreclosure until plaintiff litigated his claim of discrimination related to mortgage fraud); *see also Turner v. Lerner, Sampson & Rothfuss*, No. 1:11-cv-00056GW, 2011 WL 1357451, at *5 n.5 (N.D. Ohio Apr. 11, 2011) (citing *Rooker-Feldman* and § 2283 as the bases for declining to enjoin/stay state foreclosure proceeding) (collecting cases).

### 3. Res Judicata

Finally, Heinz cannot file an action in federal court to relitigate matters that were already decided in state court proceedings. Heinz's claims concerning the foreclosure judgment against him are therefore barred by res judicata.

Federal Courts must give the same preclusive effect to a state-court judgment as that judgment receives in the rendering state. 28 U.S.C. § 1738; *Abbott v. Mich.*, 474 F.3d 324, 330 (6th Cir. 2007); *Young v. Twp. of Green Oak*, 471 F.3d 674, 680 (6th Cir. 2006). To determine the preclusive effect a prior state court judgment would have on the present federal action, the Court must apply the law of preclusion of the state in which the prior judgment was rendered. *Migra v. Warren City Sch. Dist. Bd. of Educ.*, 465 U.S. 75, 81, 104 S. Ct. 892, 79 L. Ed. 2d 56

(1984). This Court must therefore apply Ohio law to determine if the Ohio foreclosure judgment would preclude litigation of the validity of the foreclosure action.

In Ohio, the doctrine of res judicata dictates that "a final judgment or decree rendered upon the merits, without fraud or collusion, by a court of competent jurisdiction is conclusive of rights, questions, and facts in issue as to the parties and their privies, and is a complete bar to any subsequent action on the same claim or cause of action between the parties or those in privity with them." *Johnson's Island, Inc. v. Bd. of Twp. Tr. of Danbury Twp.*, 431 N.E.2d 672, 674 (Ohio 1982) (quotation marks and citation omitted). Application of the doctrine of res judicata does not depend on whether the original claim explored all possible theories of relief. *Brown v. Dayton*, 730 N.E.2d 958, 962 (Ohio 2000) (citation omitted). Rather, "a valid, final judgment rendered upon the merits bars all subsequent actions based upon any claim arising out of the transaction or occurrence that was the subject matter of the previous action." *Grava v. Parkman Twp.*, 653 N.E.2d 226, 229 (Ohio 1995).

Res judicata applies here. The prior state action involved summary judgment in foreclosure against Heinz and judgment approving the foreclosure sale of the property. Heinz's claims in this case are based either on the foreclosure proceedings in the state court or the underlying mortgage or promissory note at issue in the state court's foreclosure proceedings. This case therefore arises out of the same transaction or occurrence as the state foreclosure action.

Accordingly, this Court must give full faith and credit to the state court judgment.

## III. CONCLUSION

For the foregoing reasons, defendants' motions to dismiss (Doc. Nos. 8 and 16) are granted. Further, the Court finds that the same rationale and case law supporting dismissal of the claims against U.S. Bank and BANA also apply to the claims Heinz has purportedly asserted against the remaining defendants. All claims are therefore dismissed with prejudice.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

**IT IS SO ORDERED**.

Dated: October 22, 2021

                                              **HONORABLE SARA LIOI**
                                              **UNITED STATES DISTRICT JUDGE**